UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM HALEY, JR., NEW YORK
INSULATION (DBA), and E.H. (MINOR),

              Plaintiffs,                    **DECISION AND ORDER**

        v.                             6:25-CV-06361 EAW

MONROE COUNTY, THE MONROE
COUNTY FAMILY COURT, KRISTINE
DEMO VAZQUEZ, JEFFREY GERACE,
LORNA AFFRONTI, ROBERT MOORE,
and NICK ABELE,

              Defendants.
_____

## I.    INTRODUCTION AND BACKGROUND

Plaintiff William Haley, Jr. ("Haley"), on behalf of himself, his DBA New York Insulation,[1] and his minor child E.H., commenced this action on July 8, 2025. (Dkt. 1). The case appears to be related to a custody dispute in Monroe County Family Court involving E.H. and the issuance of certain orders of protection. (*Id.*). Although Haley initially sought *in forma pauperis* status (Dkt. 2), he ultimately paid the filing fee on December 29, 2025. An answer was filed by defendant Lorna Affronti (Dkt. 23), and notices of appearance were

---

[1] The Court does not resolve for purposes of this Decision and Order whether Haley may represent his DBA without obtaining legal counsel. *See Omega Consulting v. Farrington Mfg. Co.*, 604 F. Supp. 2d 684, 685 (S.D.N.Y. 2009) (not permitting sole proprietorship to proceed *pro se*); *but see Emp't Law Grp., P.C. v. San Diego Emp't Law Grp.*, No. 20-CV-1852 (JDB), 2021 WL 3931872, at *2 (D.D.C. Sept. 2, 2021) (allowing DBA to proceed *pro se*).

filed by *pro se* defendant Robert Moore (Dkt. 30) and on behalf of defendant Jeffrey Gerace (Dkt. 36). Motions to dismiss have been filed by defendant Monroe County (Dkt. 29) and defendants Kristine Demo Vazquez and The Monroe County Family Court (Dkt. 33). A briefing schedule has been set with respect to those pending motions. (Dkt. 35).

Also pending are various motions filed by Haley. Specifically, Haley has filed five separate motions for a temporary restraining order. (Dkt. 4; Dkt. 10; Dkt. 16; Dkt. 42; Dkt. 43). In all, these motions amount to almost 250 pages of sometimes single-spaced filings that, in sum, seek this Court's intervention to stop enforcement of proceedings and order(s) of protection in Monroe County Family Court. Haley claims that enforcement of this order of protection has interfered with and damaged his relationship with his minor child, E.H. Apparently, enforcement of the order of protection even resulted in Haley's arrest. (Dkt. 4 at ¶ 9). And Haley appears to be seeking to have this Court take over resolution of the matters being litigated in Family Court. (*See generally* Dkt. 10). Haley has also filed what he characterized as a motion to "take immediate action to override the discriminating actions of the family court and give William Haley his son E.H.," to force a "50/50 split between the two parents" and "[i]mmediately launch a full and unbiased investigation into my claims and helps me save the people I love," or to transfer the case to "New York City District Court." (Dkt. 8). That motion was 61 pages in length.

In addition, Haley has filed a motion to seal where he seeks to seal his "own declaration, affirmation, or affidavit," so that his son can read the material "later," (Dkt. 14), and he also has filed motions for electronic filing privileges (Dkt. 15; Dkt. 44). In support

of the latter motions, he states that he has "a lot of documents and evidence to submit." (Dkt. 15 at 1).

Finally, Haley has filed a motion to appoint counsel (Dkt. 19) and a motion to compel and authorize subpoenas (Dkt. 21).

## II. MOTIONS FOR TEMPORARY RESTRAINING ORDERS (Docket Nos. 4, 10, 16, 42, and 43)

Federal Rule of Civil Procedure 65(b) governs Temporary Restraining Orders ("TROs") and provides, in relevant part, that the court may issue a TRO without written or oral notice to the adverse party or its attorney if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "'[A] temporary restraining order . . . serves a purpose different from that of a preliminary injunction,' in that '[t]he purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.'" *Martin v. Warren*, 482 F. Supp. 3d 51, 67 (W.D.N.Y. 2020) (alterations in original) (quoting *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009)).

"Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, which are 'never awarded as of right,' or 'as a routine matter.'" *Whitfield v. Lopez*, No. 15-CV-4827 (DLI)(LB), 2015 WL 6128866, at *2 (E.D.N.Y. Oct. 16, 2015) (citations omitted). "In the Second Circuit, the standard for a temporary restraining order is

the same as for a preliminary injunction." *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997).  As the Second Circuit has explained:

> In general, district courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

*Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quotations omitted).

Here, the Court does not question that Haley has experienced distress as a result of the Family Court proceedings involving his minor child.  And while the Court is unable to discern the full scope of those matters based on the present record, it seems clear that Haley is seeking to have this Court become involved in the Family Court proceedings that Haley believes have been conducted in an unfair and unlawful manner.  But the premise of this litigation represents a fundamental misunderstanding of the role that federal courts play with respect to state court matters.  Again, while the record is difficult to discern at times, it appears that Haley actively litigated these matters in Monroe County Family Court and was unsuccessful.  He cannot then seek review of those determinations before this Court.  The long-standing *Rooker-Feldman* doctrine "provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts." *Morrison v. City of N.Y.*, 591 F.3d 109, 112 (2d Cir. 2010) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923)).  And relatedly, even if this Court had subject matter jurisdiction over Haley's claims, abstention may very well be in order as the Supreme Court has recognized

that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Deem v. DiMella-Deem*, 941 F.3d 618, 624 (2d Cir. 2019) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)).

The Court recognizes that there are pending motions to dismiss by some defendants raising various grounds for relief, and those will be addressed in due course after Haley has an opportunity to be heard. But at this stage of the proceedings, based on the undersigned's understanding of the issues, it cannot be said that Haley has demonstrated a likelihood of success or even sufficiently serious questions going to the merits. Accordingly, because of that, the Court denies the motions for a TRO.

### III. MOTION TO TAKE IMMEDIATE ACTION OR TRANSFER CASE (Docket No. 8)

Relatedly, Haley's request that the Court take immediate action is denied for the same reasons outlined above—this is just another way that Haley is seeking a TRO. To the extent this motion seeks to transfer this case to the Southern District of New York (*see* Dkt. 8 (asking that the case alternatively be transferred to "New York City District Court" if immediate action is not granted)), there is no apparent basis for such a transfer. Venue in a federal court is generally governed by 28 U.S.C. § 1391, which provides, in relevant part:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in his section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, Haley has not demonstrated that any defendant resides in the Southern District of New York, or that any of the events or property are located in that District. Rather, it is the Western District of New York where venue has been properly laid. Accordingly, this alternative request is denied.

IV. **MOTION TO SEAL (Docket No. 14)**

"In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. . . . Second, once the Court finds that the document is a judicial document, the court must determine the weight of the presumption that attaches. . . . Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-CV-11386 (VSB) (KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (quotations and citations omitted). To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Haley has failed to meet his burden to establish sealing is warranted. Indeed, it is not even clear what document(s) Haley seeks to seal. The motion is denied.

V. **MOTION FOR ELECTRONIC FILING PRIVILEGES (Docket Nos. 15 and 44)**

As explained by United States District Judge Vilardo:

The Federal Rules of Civil Procedure provide that a *pro se* party "may file [documents] electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). The Western District of New York Local Rules

- 6 -

>of Civil Procedure incorporate by reference the District's CM/ECF Administrative Procedures Guide, which, in turn, sets the requirements and provides the procedures for electronic filings. *See* Loc. R. Civ. P. 5.1. The Administrative Procedures Guide provides that "[t]ypically only registered attorneys, as Officers of the Court, will be permitted to file documents electronically." W.D.N.Y. Administrative Procedures Guide for Electronic Filing, amended October 2022. The Administrative Procedures Guide further allows the Court, "*in [its] discretion*, [to] grant a pro se litigant who demonstrates a willingness and capability to file documents electronically[ ] permission to do so." *Id.* (emphasis in original).

*Wiand v. Lipinczyk*, No. 21-MC-14-LJV, 2024 WL 3639278, at *4 (W.D.N.Y. Aug. 2, 2024). Here, while Haley has completed the necessary paperwork, the litigation is in its early stages. Not all parties have even appeared and it is unclear how the case will progress. Because Haley has not demonstrated a track record with the Court to refrain from serial filings of voluminous materials seeking the same relief, nor has he demonstrated an understanding of the litigation process, the Court exercises its discretion and denies the motions without prejudice.

**VI.     MOTION TO APPOINT COUNSEL (Docket No. 19)**

Before a court may request an attorney to represent a *pro se* litigant, the litigant must be "unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1). As such, "[a]ppointment of counsel under . . . § 1915 is allowed only where a litigant is found by a court to be indigent." *Cochran v. Town of Colonie*, No. 1:04-CV-0666 (FJS)(GJD), 2008 WL 619187, at *3 (N.D.N.Y. Mar. 3, 2008); *see also Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (affirming decision not to appoint counsel where civil litigant not indigent for purposes of proceeding *in forma pauperis); Arch Assocs., Inc. v.*

*HuAmerica Int'l*, No. 93 CIV. 2168 (PKL), 1993 WL 452599, at *2 (S.D.N.Y. Nov. 1, 1993) (noting that 28 U.S.C. § 1915 allows appointment of counsel only where litigant is indigent).

Here, Haley has not demonstrated that he is indigent; in fact, he ultimately paid the filing fee in this case, causing his motion to proceed *in forma pauperis* to be denied as moot. Indeed, there are some references in the filings to Haley having retained counsel in the Family Court proceeding, thus undercutting any claim that he cannot afford counsel. On this ground alone, the motion is denied.

Moreover, even if the Court could conclude that Haley could not afford counsel, the request for assignment of counsel would be denied. "If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and 'determine whether the indigent's position seems likely to be of substance.'" *Williams v. Does*, No. 07 Civ. 3018(RJS), 2008 WL 5215834, at *1 (S.D.N.Y. Dec. 4, 2008) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). For the reasons articulated above, the claims in this case do not meet this "threshold requirement." *Hodge*, 802 F.2d at 61. Accordingly, Haley's motion for appointment of counsel is denied. (Dkt. 19).

### VII. MOTION TO COMPEL AND AUTHORIZE SUBPOENAS (Docket No. 21)

Finally, Haley seeks a court order authorizing discovery and the issuance of subpoenas, but not all parties have appeared in the case and motions to dismiss are being litigated. Thus, by extension, no conference has occurred pursuant to Federal Rule of Civil Procedure 26(f) nor has any scheduling order been issued pursuant to Federal Rule of Civil Procedure 16. Thus, Haley's requests are premature, and are denied without prejudice.

- 9 -

## VIII. CONCLUSION

For the foregoing reasons, the motions filed by Haley at Docket Nos. 4, 8, 10, 14, 15, 16, 19, 21, 42, 43, and 44 are denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 18, 2026
       Rochester, New York