UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM HALEY, JR., individually and on behalf of NEW YORK INSULATION, LLC, and as father and natural guardian of E.H, a minor,

Plaintiffs,

v.

KRISTINE DEMO VAZQUEZ, individually and in her official capacity as Monroe County Family Court Judge; LORNA AFFRONTI, individually and in her official capacity as Attorney for the Child; MONROE COUNTY; MONROE COUNTY FAMILY COURT; ROBERT MOORE; NICK ABELE; JEFFREY GERACE; JOHN and JANE DOES 1-10,

Defendants.

---

**DECISION AND ORDER**

6:25-CV-06361 EAW

Plaintiff William Haley, Jr. ("Plaintiff"), on behalf of himself, New York Insulation, LLC ("New York Insulation"), and his minor child E.H., commenced this action on July 8, 2025. (Dkt. 1; Dkt. 4). Presently before the Court is Plaintiff's motion for recusal, arguing that the undersigned's impartiality is questioned. (Dkt. 72).

Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "Title 28 U.S.C. § 455(a) requires a judge to recuse [her]self 'in any proceeding in which [her] impartiality might reasonably be questioned.'" *Cox v. Onondaga Cnty. Sheriff's*

*Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (quoting 28 U.S.C. § 455(a)); *see also Walker v. Cuomo*, No. 9:17-CV-0650 (TJM/DJS), 2018 WL 6380369, at *1 (N.D.N.Y. Dec. 6, 2018) ("Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes."). "Recusal motions are committed to the discretion of the judge who is being asked to recuse [herself]." *Waheed v. SM 1 MMS, LLC*, No. 24 CIV. 6476 (AT) (HJR), 2026 WL 2568682, at *7 (S.D.N.Y. Aug. 31, 2026) (quoting *Weston Cap. Advisors, Inc. v. PT Bank Mutiara Tbk.*, No. 13 Civ. 6945, 2019 WL 6002221, at *2 (S.D.N.Y. Sep. 20, 2019)). "In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality." *Williams v. LaClair*, No. 9:10-CV-635 (GLS/RFT), 2013 WL 1193766, at *3 (N.D.N.Y. Jan. 29, 2013) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)), *report and recommendation adopted*, No. 9:10-CV-0635, 2013 WL 1193741 (N.D.N.Y. Mar. 22, 2013).

Plaintiff's motion arises from his suspicion that the undersigned has familial, personal, or financial relationships with parties to this case or other judicial officers. Plaintiff's claims are completely speculative and lack foundation. "[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988).

There is no evidence justifying recusal, nor is there any basis for it. Accordingly, Plaintiff's motion for recusal (Dkt. 9) is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for recusal is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 2, 2026
Rochester, New York